BALINGER GRAVELY, plaintiff in error, vs. AMOS L. SOUTHERLAND, defendant in error.

Where every charge in complainant's bill, upon which its equity depends, is fully met and denied by the defendant, the injunction will ordinarily be dissolved.:

especially when it is to restrain the collection of a debt, of more than thirty years standing, and for the recovery of which, a judgment has been obtained at law, upon the confession of the defendant.

In Equity, in Polk Superior Court. Dissolution of injunction, by Judge HAMMOND, April Term, 1859.

This was a bill to enjoin a judgment at law, for discovery, relief, &c., filed by Balinger Gravely against Amos L. Southerland.

The bill alleges that in the year 1831, complainant, then of the State of South Carolina, gave to one Amos L. Southerland, since deceased, his promissory note for $200. $100 due 25th December, 1831, and $100 due 25th December, 1832. That he paid the first installment about the time it became due, and it was so credited on the note. That he paid upon the second installment the sum of $59 38, by an account against said Southerland, but which was never entered as a credit on the note; that complainant moved to the State of Georgia, in the year 1833; that Southerland the payee of the note died in South Carolina the same year, and after complainant had removed; that in 1836, he paid $18, which was credited on said note, leaving then due on said note a balance of $32 97, and which sum with interest thereon, is justly due, and which complainant is ready to pay; that afterwards, in 1845, the defendant, Amos L. Southerland, the son of the payee, applied to complainant and agreed that if he would give him a new note, that he, defendant, would return in the fall thereafter, and allow said credits and payments, and represented to complainant that he desired it so arranged at that time, in order that the heirs might see the amount of the claim originally, and that they would then settle, by deducting the credits, to which complainant was entitled that complainant having married the cousin of defendant, relied on said promise, and said defendant knowing of said relationship, falsely and fraudulently availed himself of it, and procured the new note aforesaid, leaving

Gravely vs. Southerland.

out the credits, to which complainant was entitled; and complainant gave to him his note under seal, due one day after date, for the sum of $204 25.

The bill further states, that defendant did not return, and allow complainant the credit which he had promised to do, and which complainant was entitled to have entered on said note, but sued out bail process on said note against complainant, returnable to the March Term, 1854, of Polk Superior Court, and at the September Term, thereafter, complainant confessed judgment for the amount of said note, with interest thereon, reserving the right of appeal; that on Monday thereafter, it being within four days from the adjournment of said Court, complainant went to the clerk's office, and applied to enter his appeal, and was informed by the deputy clerk, the principal clerk being absent, that he need not then attend to it, but to wait until his attorney should return, and that there was ample time; and complainant relying on this statement, returned home without entering his appeal, and rested contented until about two weeks thereafter, when upon intimation that he would be too late, he again went to the deputy to enter said appeal, which the deputy refused to do, and issued execution upon the confession, and which execution now in the hands of the Sheriff of said county, has levied on the property of complainant, and the same is advertised for sale.

The bill further alleges, that at the time said confession of judgment was given, complainant did not know that he could prove the payments which he had made on said note, but he has been lately informed, by a letter received from the State of South Carolina, that he could prove the fact of said payment by one Pleasant E. Ladd, of that State, and others residing there.

The bill prays that the judgment at law be set aside and dec ared null and void, and that defendant be decreed to receive and accept from complainant the balance due on said

Gravely vs. Southerland.

note, in full payment and satisfaction thereof, or that said note be reformed according to said agreement, and the facts of the case, and that said judgment and execution be perpetually enjoined, &c.

Defendant answered the bill, and upon the coming in of the same, moved that the injunction be dissolved, on the ground, that the equity of the bill was fully denied and sworn off by said answer.

The Court sustained the motion, and dissolved the injunction. To which decision counsel for complainant excepted.

CHISHOLM & WADDELL, for plaintiff in error.

FIELDER & BROYLES, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

Concurring with the Court below, that every material allegation in complainant's bill, upon which its equity rests, is fully denied by the defendant in the answer, we affirm the judgment dissolving the injunction. When a debt has been due for more than thirty years, it should require a strong case, to restrain a judgment which has been rendered at law, and that too upon the confession of the party, and from which no appeal was entered, within the time limited by law for that purpose.

Judgment affirmed.